## Miller *et al.* *versus* Henlan.

1. Specific performance will not be decreed to a purchaser after he has permitted a long time to elapse without evincing a fixed intention to carry his contract into execution, especially if the circumstances have altered.

2. If a party seeking performance is in *statu quo* and sustains no loss by remaining so, and the circumstances are so altered as to the other party as to work great injustice to him and to purchasers from him, a court of equity will utterly refuse to enforce it.

ERROR to the Court of Common Pleas of *Crawford county*, in which this was an action of ejectment to February Term 1861, by John Henlan against Thomas Miller and William Craig, for a messuage and piece of land in Meadville. Craig, one of the defendants, having died, R. C. Frey and Lizzie H. Frey, Sarah

[Miller *v.* Henlan.]

A. Craig, William Craig, Mary Craig and Ella Craig, his representatives, were substituted.

Some time prior to 1850, Mary A. Henlan, wife of John Henlan, purchased the lot in controversy of one Cullum, by articles of agreement. She and her husband took possession, but failing to pay the purchase-money, Miller bought the property, Mrs. Henlan's article was surrendered, and a deed from Cullum' to Miller delivered April 10th 1850.

On 16th of April 1850, Miller by articles agreed to sell the lot to John Henlan for $365, payable in two years with interest annually. On payment of principal and interest in full, Henlan was to receive a deed for the lot. Henlan, who had continued in possession until January 14th 1852, on that day assigned the article to his son William, without having paid any of the purchase-money, and left the county with his family, declaring that he did not expect to return. The property was left in charge of John Miller, who on January 15th leased it in his own name to one Barron for one year from April 1st 1852 for $35, payable quarterly. No money was paid to Thomas Miller on the articles, except $16, part of the rent received by John Miller.

On January 20th 1853, Thomas Miller brought ejectment for the lot against John Henlan; this was discontinued in 1859.

On December 16th 1853, Thomas Miller by articles sold the lot to Craig for $600, payable in instalments with interest, possession to be given on April 1st 1854, and the deed to be delivered when all the payments should be made.

There was evidence on part of defendants that Henlan had abandoned the articles, and on part of Henlan that he adhered to them and desired to carry them into execution, but no part of the purchase-money or interest, except $16 before mentioned, was paid.

Craig entered into possession and made valuable improvements, and the property from other causes increased in value.

William Henlan reassigned the articles to John Henlan, October 25th 1859.

On the trial defendants offered to prove by witnesses that Thomas Miller took possession after plaintiff left the property, after the expiration of the time limited for payment, and had not received any money on the agreement of sale ; that he sold again, and his vendee added valuable improvements to the place, and that the property has greatly enhanced in value since the plaintiff left it.

The court admitted the evidence as to the improvements made by Craig as vendee, but rejected evidence of the enhanced value of the property otherwise than by the improvements.

To which ruling the defendants' counsel excepted.

Defendants submitted the following points, which were answered in the negative by Johnson, P. J.:—

[Miller v. Henlan.]

1. That tender, to be valid, should have been made to defendant of all money due on article, up to the time of possession taken by defendant Miller, and plaintiff is entitled to no credit for rent thereafter.

3. That if plaintiff, by his own neglect and laches, has failed to comply with the terms of his contract to pay, until such time as the circumstances of property have so changed that parties cannot be put in the same situation they would have been in had punctuality been observed, he cannot recover.

5. That the vendor is not chargeable with rent after he came into possession of the property under the evidence in this case.

6. Plaintiff cannot recover unless he has tendered all the money due on the article, and the value of the improvements before bringing suit.

The jury found for the plaintiff.

In the Supreme Court the plaintiffs in error assigned for error: The rejection of the evidence offered; the answers to the points; and that the court so charged the jury as to take from them all consideration of any equitable claim under the evidence on the part of the defendant to reclaim possession of the land, and as presenting only the case of a naked trespass, by *ouster*, on the part of defendants, against which plaintiff had a legal right to recover.

*Finney* and *Douglass*, for plaintiffs in error.—Specific performance after gross negligence of vendee will not be decreed, although time may not be of the essence of the contract: Benedict v. Lynch, 1 Johns. Ch. R. 370; approved by Rogers, J., in Dauchy v. Pond, 9 Watts 51. Gross negligence in payments is a reason why the vendee is not entitled to relief: Hatch v. Cobb, 4 Johns. Ch. R. 559; Kempshall v. Stone, 5 Id. 193; Higby v. Whitaker, 8 Ohio R. 201; Craig v. Lieper, 2 Yerger R. 283; Fisher v. Worrall, 5 W. & S. 478. The contract, also, may be so far rescinded by parol as to prevent a recovery for specific performance: Boyce v. McCulloch, 3 W. & S. 429.

Henlan was bound to tender the purchase-money to Miller, and the value of the improvements to Craig: Benedict v. Lynch, 1 Johns. Ch. R. 370; Cook v. Grant, 16 S. & R. 210.

There was a change in the situation of the parties, and the property had increased in value, of which the defendants had a right to give evidence: Pratt v. Carroll, 8 Cranch 471; Brashier v. Gratz, 6 Wheaton 528; Perkins v. Wright, 3 H. & McHen. 326; Dauchey v. Pond, 9 Watts 49; Irvine v. Bull, 7 Id. 323.

*D. M. Farrelly* and *H. L. Richmond*, for defendant in error. —There was no agreement for forfeiture if the payments were not made at the times appointed. The cases cited do not touch

[Miller *v.* Henlan.]

the question. In Boyce *v.* McCulloch there was an agreement to rescind ; in Dauchey *v.* Pond, time was made of the essence of the contract. Cook *v.* Grant and Fisher *v.* Worrall turned on fraud and misrepresentation. Time, when it admits of compensation, is not essential : Decamp *v.* Ferry, 5 S. & R. 323 ; Remington *v.* Irwin, 2 Harris 145 ; D'Arms *v.* Keyser, 2 Casey 254.

There is not here the gross laches which should defeat Henlan : McLaughlin *v.* Shields, 2 Jones 291. Defendants had no right to give evidence of increased value of lot, for they knew the character of Henlan's equitable title, and their defence is a repudiation of it : French *v.* Seeley, 7 Watts 234.

The opinion of the court was delivered, January 18th 1866, by

READ, J.—This action of ejectment is a substitute for a bill in equity for specific performance of a contract by Thomas Miller to sell to John Henlan a house and lot in the borough of Meadville. The agreement is dated the 16th April 1850, and the price was $365, to be paid in two years with interest annually. Not a dollar of this amount ever was paid by Henlan, except $16 received from a tenant, which did not pay the first year's interest, and it is sought to recover it from the heirs of a *bond fide* purchaser for value, who placed upon it valuable improvements, and the property itself, from local causes, having greatly enhanced in value. If the present judgment stands, John Henlan gets for nothing a valuable property, made so, not by his exertions, but by the expenditure of others during the period of his abandonment of it.

On the 14th January 1852, John Henlan, who had used the house as a residence, left it, moving into an adjoining county, never expecting to return ; and on the 14th July assigned the agreement to his son William Henlan, living in Mercer county, who, on the 25th of October 1859, reassigned it to his father. There was no evidence of any money consideration for either transfer. On the 27th December 1853, Thomas Miller sold the property to William Craig, whose heirs now own it, and are the defendants in this suit, which was commenced to February Term 1861, seven years after their father's purchase.

" A party cannot call upon a court of equity for a specific performance, unless he has shown himself ready, desirous, prompt and eager :" 3 White & Tudor's Lead. Cas. in Equity 443. " It would be dangerous to permit parties to lie by with a view to see whether the contract will prove a gaining or losing bargain, and according to the event, either to abandon it, or, considering time as nothing, to claim a specific performance, which is always the subject of discretion" : Id. 444.

If specific performance is sought by a purchaser, after he has

[Miller *v.* Henlan.]

permitted a long time to elapse without evincing a fixed intention to carry his contract into execution, especially if circumstances are altered, a court of equity will not decree it.

If the party seeking performance is in *statu quo*, and sustains no loss by remaining so, and the circumstances are so altered as to the other party as to work great injustice to him and to purchasers from him, a court of equity will, in the exercise of its judicial discretion, utterly refuse to enforce it.

The plaintiff occupied the premises less than two years, and what was received did not pay the first year's interest; moves away, and disables himself, by a transfer, from claiming a specific performance for more than seven years, during which time the situation of the property has been entirely changed by money expended upon it by a *bonâ fide* purchaser, and a large increase in its actual value.

It is not necessary to examine the charge in detail, or the exceptions to the rejection of evidence, for there is a cardinal error in putting such a case to the jury without such instructions as must have produced a different result.

Judgment reversed, and *venire de novo* awarded.